**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILLIP W. SIMON,<br><br>  Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO, NORTH COUNTY FAMILY DIVISION<br><br>  Defendants. | Case No.: 3:23-cv-00889-RBM-AHG<br><br>**ORDER DENYING EX PARTE MOTION TO STAY FAMILY LAW CASE RE: PROPERTY ISSUE**<br><br>[Doc. 10] |

Presently before the Court is Plaintiff Phillip W. Simon's ("Plaintiff") *ex parte* motion to stay family law case re: property issue ("Motion"). (Doc. 10.) Defendant Superior Court of California, County of San Diego ("Defendant")[1] filed its opposition to Plaintiff's Motion on July 17, 2023 ("Opposition"). (Doc. 11.)

In the Motion, Plaintiff requests that this Court stay a state court proceeding pertaining to a property issue and a Domestic Violence Restraining Order ("DVRO"), the

---

[1] In its Opposition, Defendant notified the Court that Defendant was erroneously sued as Superior Court of California, County of San Diego, North County Family Division. (Doc. 11 at 1 n.1.)

1

former of which is set for trial in the state court proceeding beginning on July 27, 2023. (*See* Doc. 10.) Plaintiff requests this Court stay the state court proceeding until this Court resolves Plaintiff's pending motion for fraud on the court to vacate/set aside/terminate DVRO against Phillip W. Simon ("Motion to Vacate"). (*See id.*; Doc. 1.) In its Opposition, Defendant contends that (i) this Court lacks jurisdiction to stay the state court proceedings under the Anti-Injunction Act, (ii) Plaintiff failed to comply with the Civil Local Rules and this Court's Civil Chamber Rules, and (iii) Plaintiff failed to establish entitlement to preliminary injunctive relief. (*See* Doc. 11.)

For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion.

## I.  LEGAL STANDARD

The Anti-Injunction Act "prevents a federal court from enjoining the 'proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Sandpiper Village Condo. Ass'n., Inc. v. Louisiana-P. Corp.*, 428 F.3d 831, 842 (9th Cir. 2005) (quoting 28 U.S.C. § 2283). "Rooted firmly in constitutional principles, the Act is designed to prevent friction between federal and state courts by barring federal intervention in all but the narrowest of circumstances." *Id.* "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970).

## II.  DISCUSSION

Plaintiff has not asserted nor is the Court aware of any express authorization by Congress to enjoin family law proceedings in state court. There is also no judgment by this Court that needs protecting or effectuating as this Court has not yet ruled on Plaintiff's Motion to Vacate. Thus, the only remaining question is whether granting the Motion is "necessary in aid of [this Court's] jurisdiction." 28 U.S.C. § 2283.

"The second exception to the Anti–Injunction Act authorizes injunctive relief to

Case 3:23-cv-00889-RBM-AHG   Document 12   Filed 07/20/23   PageID.325   Page 3 of 5

prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Sandpiper Vill. Condo. Ass'n*, 428 F.3d at 843 (quoting *Atl. Coast Line R.R. Co.*, 398 U.S. at 295) (internal quotation marks omitted). This exception "arose from the settled rule that if an action is in rem, the court first obtaining jurisdiction over the res may proceed without interference from actions in other courts involving the same res." *Alton Box Bd. Co. v. Esprit de Corp.*, 682 F.2d 1267, 1272 (9th Cir. 1982). The exception has expanded to cover some *in personam* actions only where the state court proceeding "threatens to render the exercise of the federal court's jurisdiction nugatory." *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 806 (9th Cir. 2002) (internal quotation marks and citations omitted).

Plaintiff's contention concerning a "property issue" in family law court does not fall under the "necessary in aid of its jurisdiction" exception to the Anti-Injunction Act because the state court *first* exercised jurisdiction over any *rem* at issue.[2] (*See* Doc. 1 at 2–3, 7–9; Doc. 10 at 1–2.) *See Alton Box Bd. Co.*, 682 F.2d at 1272; *Mitchum v. Foster*, 407 U.S. 225, 235 (1972) (noting the *in rem* exception allows "a federal court to enjoin a state court proceeding in order to protect its jurisdiction of a res over which it had *first* acquired jurisdiction.") (emphasis added); *see also Michener v. Wells Fargo Home Mortg.*, No. C 12-2003 PJH, 2012 WL 3027538, at *4 (N.D. Cal. July 24, 2012) ("A party to an action in state court litigating possession of real property or the right to tenancy does not implicate this exception simply by filing, as here, an action purporting to litigate title to said property in federal court.").

Neither does Plaintiff's argument concerning the DVRO fall under the "necessary in aid of its jurisdiction" exception, which for *in personam* actions is "very limited." *Bennett*, 285 F.3d at 806 ("[T]here are only very limited circumstances where such a threat exists in personam cases. *See e.g. Flanagan v. Arnaiz*, 143 F.3d 540, 545 (9th Cir.1998)

---

[2] The Court notes that it has yet to decide the question of subject-matter jurisdiction over this action and reserves decision at this time.

3

3:23-cv-00889-RBM-AHG

1  (injunction necessary to effectuate a settlement agreement over which federal court had
2  retained jurisdiction); *Sycuan Band of Mission Indians v. Roache*, 54 F.3d 535, 540 (9th
3  Cir.1994) (injunction necessary to preserve integrity of exclusive federal jurisdiction);
4  *Swann v. Charlotte–Mecklenburg Bd. of Ed.*, 501 F.2d 383, 383–384 (4th Cir. [1974])
5  (invoking Act in school desegregation case)[.]"  Thus, Plaintiff's Motion does not fall
6  under any of the three exceptions to the Anti-Injunction Act.

7  In addition, the Court notes that Plaintiff's Motion fails to comply with Civil Local
8  Rule 83.3(g)(2) and this Court's Civil Chamber Rules, Rule VI.  Civil Local Rule
9  83.3(g)(2) provides that "[a] motion for an order must not be made ex parte unless it
10 appears by affidavit or declaration (1) that within a reasonable time before the motion the
11 party informed the opposing party or the opposing party's attorney when and where the
12 motion would be made; or (2) that the party in good faith attempted to inform the opposing
13 party and the opposing party's attorney but was unable to do so, specifying the efforts made
14 to inform them; or (3) that for reasons specified the party should not be required to inform
15 the opposing party or the opposing party's attorney."  This Court's Civil Chamber Rules,
16 Rule VI provides that "[b]efore filing any ex parte application, counsel must contact the
17 opposing party to meet and confer regarding the subject of the ex parte application" and
18 "comply with Civil Local Rule 83.3(g)[.]"  Plaintiff's Motion fails to mention or assert that
19 Plaintiff complied with any of these procedures prior to filing the Motion.  Defendant
20 asserts that Plaintiff did not comply with these procedures.  (*See* Doc. 11 at 4–5.)  The
21 Parties are advised to strictly comply with the Civil Local Rules and this Court's Civil
22 Chamber Rules.

23 In light of the Court's denying Plaintiff's Motion for the reasons set forth above, the
24 Court need reach the Parties' remaining contentions.

### III.  CONCLUSION

26 Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

27 The Clerk of Court is directed to serve a copy of this Order on Plaintiff at his home
28 address of 2862 Rancho Cortes, Carlsbad, CA 92009.  Defendant is additionally

ORDERED to send a copy of this Order to Plaintiff at his personal email address.

**IT IS SO ORDERED.**

DATE: July 20, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE