# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP W. SIMON,<br><br>                        Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br><br>                        Defendant. | Case No.: 3:23-cv-00889-RBM-AHG<br><br>**ORDER DENYING PLAINTIFF PHILLIP W. SIMON'S MOTION FOR RECONSIDERATION**<br><br>**[Doc. 21]** |

Pending before the Court is Plaintiff Phillip W. Simon's ("Plaintiff") Objection to Orders Granting Defendant Superior Court of California ("Superior Court") Motion to Dismiss Plaintiff's Complaint with Prejudice and Request for Amendment ("Motion for Reconsideration"). (Doc. 21.) The Superior Court filed a response. (Doc. 23.)

The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, Plaintiff's Motion for Reconsideration is **DENIED**.

## I. BACKGROUND

The Court summarizes the relevant portion of its Order Granting Defendant Superior Court of California's Motion to Dismiss Plaintiff's Complaint with Prejudice ("Order"), Plaintiff's Motion for Reconsideration, and the Superior Court's response below.

1

### A. Court's Order

In this Court's Order, it determined in part that Plaintiff's suit against the Superior Court is barred by Eleventh Amendment immunity. (Doc. 19 at 23–24.) The Court denied Plaintiff leave to amend because further amendment of his claims would be futile. (*Id.* at 24.) Specifically, this Court found "[e]ven if Plaintiff had sufficiently pled a claim for external fraud on the Superior Court in his motion, his claims against the Superior Court would be barred by Eleventh Amendment immunity." (*Id.*)

### B. Plaintiff's Motion for Reconsideration

Plaintiff argues this Court "grossly and/or severally misunderstood" Plaintiff's motion for fraud upon the court and "for that reason alone Plaintiff should have been allowed to amend." (Doc. 21 at 1.) Plaintiff requests the Court reconsider its Order. (*Id.*) Plaintiff argues the Court's "decision to deny leave to amend without providing a compelling rationale contradicts [Federal Rule of Civil Procedure 15(a)(2)] and undermines the fundamental principles of fairness and access to justice." (*Id.* at 2.) Plaintiff argues he "should be afforded the opportunity to amend the complaint and present arguments or evidence that could overcome the Eleventh Amendment immunity defenses raised by the Superior Court." (*Id.*) Plaintiff further contends the Court did "not provide any specific reasoning or analysis as to how the[] [*Foman*] factors apply to the Plaintiff's case." (*Id.*)

Plaintiff explains his Complaint "targets several individuals Sharon L. K. William Y. W. and Pennie K. M. who were acting out of their capacity as judicial officials when the abuse of discretion and fraud occurred." (*Id.* at 3.) Plaintiff is not seeking this Court "to make and/or overturn any orders made by the State Court other than to change the jurisdictions as it is transparent and highly evident that San Diego County Superior Court and its employees are highly prejudice and biased towards Plaintiff." (*Id.*) Plaintiff argues "James Y. W, Pennie K. M., Sharon L. K. and Tanisha Bostick" … "created an environment to violate Plaintiff of his civil rights and separate him from his federally protected VA benefits by decisions made out of jurisdiction, in secret letters and notes,

relating to his personal property (and/or equitable shares within his house)." (*Id.*) Plaintiff specifically argues he was "given a false Permanent (DVRO) by William Y. W and was never given a chance to have it heard essentially violating his civil rights also, Plaintiff has been wrongfully imprisoned within his own home for over 2.5 years! William Y. W then adjoined a 3rd Party to veteran's divorce dissolution without his input, without a hearing, without his knowledge as to the detriment this would cause to Plaintiff's life for almost 3 years." (*Id.* at 4.)

Plaintiff argues "[o]perating as an employees of the State's court William Y, W, Sharon L. K, Pennie K. M. are trying to use immunity as a way to escape their transgression and violations of the law however, there is no issue (and/or protection) of immunity for fraud and making judgements out of jurisdiction." (*Id.* at 5.) Plaintiff accuses this Court of continuing the bias and prejudice he allegedly faced in his state court proceeding. (*Id.* at 6–7.) Plaintiff then argues that specific actions of Sharon L.K., Pennie K.M., and Tanisha Bostick were fraudulent and violated his rights. (*Id.* at 8–11.)

Regarding Eleventh Amendment immunity, Plaintiff argues that "[i]f the the state is engaged in fraudulent activity through its courts, it might be classified as an 'ex parte Young exception,' allowing a federal court to entertain a lawsuit for prospective relief against state officers." (*Id.* at 13.)

**C. Defendant Superior Court's Response**

The Superior Court argues Plaintiff's Motion for Reconsideration should be denied under Federal Rule of Procedure 59(e) because Plaintiff fails to identify the grounds upon which he seeks relief and fails to meet any of the Rule 59(e) requirements. (Doc. 23 at 7–12.) On the latter point, the Superior Court argues there is no intervening change in the controlling law, the Court did not commit any clear error or make a manifestly unjust ruling, and there is no newly discovered evidence. (*Id.* at 8–13.) The Superior Court also argues Plaintiff attempts to relitigate issues that were or could have been raised in his opposition to the Superior Court's motion to dismiss his Complaint. (*Id.* at 13–14.) The Superior Court further argues that Plaintiff's Motion for Reconsideration also fails under

Rule 60(b)(1)–(6). (*Id.* at 15–20.)

## II.  LEGAL STANDARD

"The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration." *Soares v. Paramo*, Case No. 3:13-cv-02971-BTM-RBB, 2016 WL 3997594, at *1 (S.D. Cal. July 25, 2016). However, S.D. Cal. Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge . . . has been refused in whole or in part." S.D. Cal. CivLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2) permits motions for reconsideration within "28 days of the entry of the ruling."

A motion for reconsideration filed pursuant to a local rule may also be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). A motion for reconsideration is treated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is considered under Rule 60(b) as a motion for relief from a judgment or order. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

Plaintiff filed his Motion for Reconsideration five days after the Court's Order. (Docs. 19, 21.) Because Plaintiff filed his Motion for Reconsideration within 28 days of the Court's judgment, the Court will apply Rule 59. *See Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995) ("A 'timely filed motion for reconsideration under a local rule is a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e).'") (citations omitted). "A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of*

*Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)), and "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999).

### III.  DISCUSSION

Plaintiff fails to state which bases he moves under pursuant to Rule 59(e). In any event, Plaintiff has not pointed to any intervening change in the law. And even if Plaintiff has made new *arguments*, he has not pointed to any newly discovered evidence. But even if Plaintiff had pointed to newly discovered evidence, Plaintiff does not demonstrate due diligence or that such evidence is of a magnitude that its production earlier would have likely changed the outcome on the Superior Court's motion to dismiss. *See White v. Square, Inc.*, No. 15-CV-04539-JST, 2016 WL 6647927, at *2 (N.D. Cal. Nov. 9, 2016) ("[T]he evidence must be 'newly discovered,' the movant must have exercised 'due diligence' to discover the evidence, and the evidence 'must be of such magnitude that production of it earlier would have been likely to change the disposition of the case.'") (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987)).

Therefore, the primary question is whether this Court clearly erred or rendered a manifestly unjust decision in granting the Superior Court's motion to dismiss with prejudice. It did not. This Court appropriately determined that Plaintiff's Complaint against the Superior Court is barred by Eleventh Amendment immunity. (*See* Doc. 19 at 23–24.) Plaintiff has not articulated any specific basis for an exception to Eleventh Amendment immunity, even under *Ex parte Young*. *See Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024) ("*Ex parte Young* does not apply because the Superior Court cannot be sued in an individual capacity.") (citing *Wolfe v. Strankman*, 392 F.3d 358, 364–65 (9th Cir. 2004)). Plaintiff's allegations regarding specific judicial actions of state court judges in his marital dissolution proceeding do not alter that

conclusion. *See Munoz*, 91 F.4th at 981 ("[S]tate court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment.").[1]

This Court also appropriately determined Plaintiff's claims against the Superior Court are futile because of sovereign immunity. (*See* Doc. 19 at 24.) *See Doe v. Fed. Dist. Ct.*, 467 F. App'x 725, 728 (9th Cir. 2012) (finding district court did not abuse its discretion in dismissing pro se plaintiff's case with prejudice where further amendment would be futile); *Robinson v. United States*, Case No. CV 21-2018 PSG (MAAx), 2021 WL 3177678, at *4 (C.D. Cal. July 20, 2021) ("Given that all of Plaintiff's potential claims seem to be barred by sovereign immunity, leave to amend would be futile.") (citation omitted). In light of the Court's determination that amendment would be futile, the Court need not reach the remaining *Foman* factors. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) ("Futility alone can justify the denial of a motion to amend.") (quoting *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003)); *Auld-Susott as Tr. for Irrevocable Life Ins. Tr. of John L. Susott & Kathryn C. Susott UAD 8/17/1988 as Restated v. Galindo*, CIV. No. 20-00270 LEK-RT, 2021 WL 4951942, at *10 (D. Haw. June 23, 2021) ("Because futility alone justifies the denial of a motion to amend, this Court need not address issues of whether Defendants' counterclaims are barred by litigation privilege or whether the remaining factors under Foman v. Davis apply.").

---

[1] Those judges would also be entitled to judicial immunity as all the alleged acts are judicial acts. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("A judge lacks immunity where he acts in the clear absence of all jurisdiction, or performs an act that is not judicial in nature."); *Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454 (9th Cir. 1993) (""Judicial acts are those involving the performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights. Administrative acts are, among others, those involved in supervising court employees and overseeing the efficient operation of a court."); *Sanai v. Kozinski*, Case No. 4:19-cv-08162-YGR, 2021 WL 1339072, at *9 (N.D. Cal. Apr. 9, 2021) ("Indeed, judicial immunity [is not] lost by allegations that a judge conspired with one party to rule against another party: a conspiracy between judge and [a party] to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges.").

Nor was the Court's Order manifestly unjust. Plaintiff had an opportunity to raise his arguments against the Superior Court and potential amendments concerning the alleged conduct of its officers and those involved in his marital dissolution proceeding. Additionally, Plaintiff's failure to raise any potential amendments in his Motion for Reconsideration further supports that such amendment would be futile, and that the Court's Order was not manifestly unjust.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Doc. 21) is **DENIED**.

**IT IS SO ORDERED.**

DATE: July 3, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE